UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER


JAMES W. JONES #15937-074,

        Plaintiff,

v.                                    4:03-cv-099


JACKIE MATHENY, VANDY FULTS,
JIM PICKETT, NETTIE CUTRELL, and
WARREN COUNTY, TENNESSEE.,

        Defendants.


**MEMORANDUM AND ORDER**


        The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $150.00 filing fee.[1]  Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), plaintiff will be allowed to proceed without the prepayment of costs or fees or security therefor.  However, for the reasons stated below, process shall not issue and this action is **DISMISSED** as time-barred.

---

        [1]Plaintiff submitted his complaint before the filing fee increased from $150.00 to $250.00.

Plaintiff is in federal custody. He brings this action against Warren County, Tennessee, Sheriff Jackie Matheny, and three jail employees based upon his confinement in the Warren County Jail. Plaintiff alleges the conditions of his confinement were unconstitutional, including being confined in a maximum security area where the door was secured by chains. He also alleges an assault against him by other inmates was orchestrated in retaliation for filing the lawsuit challenging the conditions of his confinement. This action is a combination of two prior lawsuits that were each dismissed for failure to exhaust administrative remedies.

In *James W. Jones v. Vandy Fults, Jackie Matheny, and Jim Pickett,* Civil Action No. 4:00-cv-054 (E.D. Tenn. Oct. 23, 2002) (order of dismissal), *aff'd,* No. 02-6432 (6th Cir. July 29, 2003) (mandate issued), plaintiff sued the defendants with respect to the conditions of his confinement in the Warren County Jail in May, 2000. In *James W. Jones v. Warren County, Tennessee, Nettie Cutrell, and Jackie Matheny*, Civil Action No. 4:01-cv-109 (E.D. Tenn. Oct. 23, 2002) (order of dismissal), *aff'd*, No. 02-6433 (6th Cir. July 17, 2003) (mandate issued), plaintiff raised the claims of retaliation and assault that allegedly occurred in August and September, 2001.

Plaintiff states that in July 2003, he filed formal grievances concerning the above allegations after the Sixth Circuit affirmed the dismissal of the actions for failure to exhaust administrative remedies. It is clear, however, that by the time plaintiff filed his formal grievances the applicable statute of limitation had expired as to his claims for relief.

Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is TENN. CODE ANN. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

The court notes that the statute of limitation is tolled while a plaintiff is exhausting his administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Exhaustion, however, will not reset the statute of limitation. *See Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002).

> As we held in *McGore* [*v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)], a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a *sua sponte* dismissal. A plaintiff who fails to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*. Our rule in *McGore* requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, also not be allowed to amend his complaint to cure the defect. If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, *assuming that the relevant statute of limitations has not run*.

*Id*. at 489 (quoting *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)) (footnote omitted) (emphasis added).

If it is obvious from the face of the complaint that the plaintiff's cause of action is clearly barred by the applicable statute of limitation, the district court may *sua sponte* dismiss the case as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A. *See, e.g., Day v. E.I. Du Pont De Nemours and Company*, No. 97-6233, 1998 WL 669939 *1 (6th Cir. September 17, 1998) (unpublished decision) ("a *sua sponte* dismissal of an *in forma pauperis* complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face").

As the court has observed, the statute of limitation had already expired by the time plaintiff attempted to exhaust his administrative remedies. Accordingly, the allegations of plaintiff's complaint are barred by the statute of limitation and his complaint is **DISMISSED** *sua sponte*, as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

Because plaintiff is in federal custody, he is herewith **ASSESSED** the civil filing fee of $150.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, P.O. Box 459, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

(a)     twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; *or*

4

(b)	twenty percent (20%) of the average monthly balance in plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to Storey's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of one hundred fifty dollars ($150.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Federal Correctional Institution at Ashland, Kentucky 41105-6001, to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.  The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R:**

_____ s/ James H. Jarvis _____
United States District Judge

5